## BILL OTTS v. THE STATE.

No. 20558. Delivered November 8, 1939.
Rehearing Denied December 20, 1939.

The opinion states the case.

*Floyd Jones,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of cattle; the punishment assessed is confinement in the State penitentiary for a term of two years.

This is the second appeal in this case. The opinion rendered on the first appeal is reported in 135 Tex. Crim. Rep., 28, 116

S. W. (2d) 1084. Appellant insists that the evidence is insufficient to justify and sustain his conviction. This record shows that on the morning of May 13, 1937, S. P. Robertson and his son, Truman, discovered a fresh beef hide hidden under a bridge which crossed Hubbard Creek in Stephens County. Upon examining it, they found a mark and brand on it which they recognized as that of Alfred Donnell. Mr. Donnell went to the place, found the hide with his mark and brand thereon and took charge of the same. Joe Ellis testified that about 3 or 4 a. m., on May 13, Amos Otts awakened him and offered to sell him some fresh beef. Ellis purchased a hindquarter from Amos for $4.00. On the following morning his wife cut a piece off the hindquarter and Ellis stored the remainder at McElroy's Ice House in Breckenridge. Before noon on the same day, appellant and his brother stored some fresh beef, including a hindquarter, at McElroy's. The sheriff, a deputy, the chief of police and Mr. Donnell testified that the hide which was found fitted the beef in storage, this being determined by the fact that the party or parties who committed the offense had left chunks of meat on the hide, which fitted into the cavities on the beef which had been put in storage. During the trial, the State offered a part of appellant's purported confession in which he stated that he and his brother took the beef to Breckenridge and stored it. That he and his brother did not sell any beef on May 13 and had sold none for a year or more prior thereto. Appellant then offered the remainder of the confession to the effect that he and his brother had met an unknown man, a stranger, on the road on the evening of the day of the alleged theft, who offered to sell them some fresh meat. That they bought one hindquarter from him for $4.00 which they stored at McElroy's Ice House. This was the only testimony offered by him raising an affirmative defense. The State also introduced testimony that appellant and his brother appeared at the Alexander Ice House on May 13 and offered to store 275 pounds of fresh beef; that when he went back to make out the ticket the parties left. It will be observed from an analysis of the evidence that the State showed that appellant's brother sold one hindquarter of beef to Mr. Ellis about 4 a. m. and that appellant and Amos offered to store 275 pounds of fresh beef at Alexander's Ice House the next morning. If this testimony were true, appellant's statement that they bought only one hindquarter from a stranger would leave unexplained the possession of a great deal of meat which they proposed to store. The beef, or at least a part of the beef which they *did* store at McElroy's Ice House, was identified as part of the meat from

the stolen animal. A careful examination of the evidence has convinced us that it is sufficient to support the jury's conclusion of the appellant's guilt.

Appellant's plea for a suspension of sentence was properly submitted to the jury, but they declined to recommend it.

Appellant addressed a number of objections to the court's charge. His main objection seems to be directed to the court's definition of the term "principal" and the fact that the court gave any such instruction at all, it being his contention that such an issue was not raised by the evidence. We are unable to agree with him. The court defined the term "principal" in the language of the statute, and the evidence in our opinion raised the issue. The evidence shows that on the evening of the day of the alleged theft, the appellant and his brother were in a pickup car coming from Breckenridge to Crystal Falls. The hide of the stolen animal seems to have been found under a bridge over Hubbard Creek between Breckenridge and Crystal Falls, the very road upon which appellant and his brother travelled about the time the allegedly stolen animal was butchered. The testimony further shows that the next morning before daylight appellant's brother sold one hindquarter of fresh beef, which was shown to have come from the stolen animal. Appellant, by his own statement is shown to be in possession at the same time of some of the meat from the animal, which he and his brother later stored. What is the reasonable conclusion to be drawn from the unexplained possession of this recently stolen property? To our minds it tends to show that the possessor thereof committed the offense or participated therein. Under the facts and circumstances as disclosed by this record, we think the issue of principals was raised and that an instruction thereon was proper. Appellant has cited us to a number of authorities which he contends support his position. We have examined all of them and agree that they announce a correct legal principle, but do not think they have application to the facts in this case. A most careful examination of all of appellant's contentions leads us to the conclusion that no reversible error is presented.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR A REHEARING.

CHRISTIAN, Judge.

After a careful examination of the record in the light of appellant's motion for rehearing we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.